IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHN TIMOTHY BURGESS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELLE LNU,<br><br>Defendant. | Case No. 24-cv-00355-DKW-RT<br><br>**ORDER DISMISSING CASE**[1] |

On August 20, 2024, Plaintiff John Timothy Burgess, proceeding *pro se*, filed a Complaint (Writ of Quo Warranto) against Michelle, a Hawaiʻi state court clerk, for engaging in, *inter alia*, "ongoing harassment and violence," "document tampering," "witness tampering," and "life threatening and dangerous" coercion by refusing to provide him with certain court filings.  Dkt. No. 1.  Because Burgess failed to pay the civil filing fee or file an application to proceed *in forma pauperis* ("IFP Application"), the Court issued a Deficiency Order that same day.  Dkt. No. 2.  Therein, the Court informed Burgess that he was required to submit either the $405 filing fee or an IFP Application within 28 days—*i.e.*, by September 17, 2024. *Id.* at 1.  The Court further warned Burgess that failure to follow these instructions would result in the automatic dismissal of this action.  *Id.* at 1–2.

---

[1] Pursuant to Local Rule 7.1(d), the Court finds this matter suitable for disposition without a hearing.

That deadline has now passed, and Burgess has failed to submit either an IFP Application or the civil filing fee. Instead, on August 22, 2024, Burgess filed an "Objection" to the Deficiency Order. Dkt. No. 4.[2] Among other things, Burgess claims that the Deficiency Order is "void" because the Court lacks venue and jurisdiction and engaged in a "bait and switch" by initially permitting him to file his Complaint with zero charge. *See id.* at 1, 5. In addition, Burgess also takes issue with the Deficiency Order itself, including the Court's apparent use of acronyms and failure to specify a calendar date by which the filing fee or IFP Application was due.[3] *See id.* at 4–5.

Such arguments plainly lack merit. Contrary to Burgess' assertions, the Court not only has the authority to require that he pay the civil filing fee or file an IFP Application, it *must* do so. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. §§ 1914, 1915(a). Moreover, despite his complaints as to the form of the Deficiency Order, it is clear that Burgess both understood the Court's instructions and has no intention of complying.[4] *See* Dkt. No. 4 at 5 (insisting that

---

[2] In citing to the Objection, the Court utilizes the page numbers assigned by CM/ECF in the top right corner of each page, rather than the page numbers at the bottom of each page, because the latter does not extend consistently throughout the entire document.

[3] The rest of Burgess' Objection is devoted to his claim that various persons have engaged in identity theft and attempted to subvert his previous cases. *See* Dkt. No. 4 at 6–24. Because such assertions have no relation to the Deficiency Order, the Court does not further address them herein.

[4] Indeed, the Court notes that Burgess has consistently filed IFP Applications or requested IFP status in his other cases in this District. *See, e.g.*, *Burgess v. State of Hawaii, Admin. Driver's License Revocation Off.*, Civ. No. 22-488, Dkt. No. 2; *Burgess v. State of Hawaii Dep't of Hum.*

the Deficiency Order was "void" because his Complaint has already been accepted without a "Bill or receipt."). Pursuant to the Court's inherent power to prevent undue delays in litigation and manage its docket, such defiance is, by itself, grounds for dismissal. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Kong v. Hawaii*, 2010 WL 1376122, at *1 (D. Haw. Apr. 7, 2010). Consequently, as indicated in the Deficiency Order and after consideration of the factors under *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's Order.

The Clerk of Court is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: October 2, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*John Timothy Burgess v. Michelle Lnu*; Civil No. 24-00355 DKW-RT; **ORDER DISMISSING CASE**

---

*Servs.*, Civ. No. 24-228, Dkt. No. 2; *Burgess v. Hawaiian Airlines*, Civ. No. 24-302, Dkt. No. 3. It is unclear why he refuses to do so here.